FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 FEB 10 PM 2: 37

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL VOGRIN
*Plaintiff*,

v.

KAREEMA PINDER,
*Defendant*.

Civil Action No. ELH-17-370

# MEMORANDUM

On April 22, 2016, Michael Vogrin, plaintiff, filed suit in the Circuit Court for Baltimore City against defendant Kareema Pinder, alleging breach of contract and negligence. ECF 2 (Complaint); ECF 4 (Amended Complaint). Pinder, who is self-represented, removed the case to this Court on February 8, 2017. ECF 1. As grounds for jurisdiction, Pinder asserts, *inter alia*, federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* at 1.

For the reasons stated below, this Court lacks subject matter jurisdiction. Therefore, I shall remand the case to the Circuit Court for Baltimore City.[1]

## I. Factual and Procedural Background[2]

Vogrin resides in Harford County, Maryland. ECF 4 ¶ 3. Pinder resides in Baltimore City. *Id.* ¶ 4.

---

[1] Because Pinder is self-represented, her pleadings have been "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

[2] The factual allegations are derived from the Complaint. For the purposes of this Memorandum, it is unnecessary to review fully the allegations or the procedural history.

On May 25, 2012, Pinder entered in a residential apartment lease (the "Lease") with Vogrin to rent "a parcel of land with improvements known as 3603 Rexmere Road, Baltimore, Maryland 21218" ("Premises"), "at the rate of $1,195.00 per month." *Id.* ¶ 5. The Lease was for a term of seven months, beginning on June 1, 2012. *Id.* ¶ 6. However, the Lease provided that if the tenant remained on the property beyond the term of the lease, the tenant would have a month-to-month tenancy. *Id.*

Further, the Lease provided for payment of rent on the first day of each month. *Id.* ¶ 5. And, if the rent payment was not timely received, the tenant would be assessed 5% of the unpaid rent amount. *Id.* ¶ 7. Rent that was more than five days late would earn interest at the rate of 1.5% per month. *Id.* The Lease provided a $25.00 penalty for dishonored checks. *Id.* ¶ 8.

Additionally, the Lease stated that the tenant shall, *inter alia*, "comply with all laws and housing, health and police regulations with respect to said Premises." *Id.* ¶ 9 (emphasis omitted). Furthermore, the lease included that tenant "shall indemnify and hold harmless Landlord for all expenses (including attorney's fees), liabilities, damages, losses, settlement payments, or fines incurred . . . ." *Id.* (emphasis omitted). Defendant was also responsible for electricity and water bills. *Id.* ¶ 10.

Defendant moved into the Premises on June 1, 2012. *Id.* ¶ 13. After seven months, the defendant elected to continue living at the Premises, as a month-to-month tenant. *Id.* On May 1, 2013, plaintiff and defendant verbally agreed to reduce the rent from $1,195.00 per month to $1,000 per month. *Id.* ¶ 14. Defendant vacated the Premises at some point in April 2015. *Id.* ¶ 16.

From January 1, 2013 until April 1, 2015, defendant made sporadic monthly rental payments, with a total of $23,620.00 remaining due in rent. *Id.* ¶¶ 18-19. The Complaint also

asserts that defendant owes $1,181.00 in penalties for late rent; $24,801.00 in interest for unpaid rent; and $100.00 in penalties for four returned rent checks. *Id.* ¶¶ 20-22. Furthermore, defendant failed to pay electric bills and water bills, leaving a balance due of $4,779.94 for electric bills and $1,530.52 for water bills. *Id.* ¶ 23.

Moreover, while defendant occupied the Premises, she "failed to comply with several laws and housing, health, and police regulations with respect to said Premises", incurring fines totalling $830.00. *Id.* ¶ 24. And, because the fines were not paid in a timely fashion, they became subject to treble penalties, amounting to $2,050.00. *Id.* ¶ 26.

In his Amended Complaint, Vogrin asserts claims for breach of contract (*id.* ¶¶ 29-33) and negligence. *Id.* ¶¶ 34-39. The Amended Complaint seeks, *inter alia*, $50,000 in damages and attorneys' fees. *Id.* at 6, 8

As noted, Vogrin filed suit in the Circuit Court for Baltimore City on April 22, 2016. ECF 2. Pinder did not file her Notice of Removal with this Court until February 8, 2017. ECF 1.[3]

## II.   Legal Standards

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Indeed, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). With regard to removed cases, 28 U.S.C. § 1447(c) states: "If at any time before final

---

[3] The remand is *not* based on the untimeliness of the removal. *See* 28 U.S.C. § 1446(b)(1). The Court is mindful that it cannot consider untimeliness, *sua sponte*. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F3d 192, 198 (4th Cir. 2008).

3

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In her notice of removal, Pinder asserts that the Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. *Id.* at 1. She also asserts jurisdiction under 28 U.S.C. §§ 1442 and 1443.[4] Pinder states: "The District Court of the United States is an Article III court with authority to hear questions arising under the Constitution, Laws, and Treaties of the United States . . . ." *Id.* at 1. According to Pinder, she has suffered "deprivations of fundamental rights guaranteed by the U.S. Constitution, by the Constitution of the State of Maryland . . . and by federal law . . . ." *Id.* at 5 ¶ 1. In particular, Pinder points to violations of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq*, and the Fair Debt Collection Act, as amended, 15 U.S.C. §§ 1692, *et seq*. *Id.* ¶¶ 3, 5. She also claims violations of her rights to procedural due process under Maryland law. *Id.* ¶ 4.

Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Of import here, "'[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted).

---

[4] Pinder does not assert diversity jurisdiction under 28 U.S.C. § 1332. Although the Amended Complaint does not state the domiciles of the parties, the Amended Complaint alleges that both parties are residents of Maryland. ECF 4 ¶¶ 3-4. Under 28 U.S.C. § 1332(a)(1), federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the case is between "citizens of different States."

A defendant may assert "federal" or "ordinary" preemption "as a defense to the allegations in a plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, it is "settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393. Put another way, the "existence of a federal defense normally does not create statutory 'arising under' jurisdiction and 'a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (alteration and emphasis in original) (internal citations omitted).

Section 1367 of 28 U.S.C. grants district courts supplemental jurisdiction over claims that would not themselves give rise to subject matter jurisdiction, but "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In other words, supplemental jurisdiction "exists whenever there is a claim arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Section 1442 of 28 U.S.C. provides for the removal of cases in certain cases brought against federal officers. It provides, in pertinent part, *id.*:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any

5

> Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;
>
> (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

And, 28 U.S.C. § 1443 provides for the removal of civil rights cases in certain extraordinary cases. It provides, *id.*:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>>
>> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

In turn, the general removal statute, 28 U.S.C. § 1441(a), permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." When jurisdiction is based on a claim "arising under the Constitution, treaties or laws of the United States," the case is removable without regard to the citizenship or residence of the parties. *Id.* § 1441(b).

However, Section 1441(b)(2), also known as the "forum-state defendant rule," provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a)

[*i.e.*, diversity jurisdiction] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is because "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (citation omitted), *cert. denied*, 549 U.S. 1207 (2007). And, "[t]he need for such protection is absent...in cases where the defendant is a citizen of the state in which the case is brought." *Id.* [5]

### III. Discussion

Plaintiff has alleged claims for breach of contract and negligence, which sound entirely in Maryland law. Pinder's contention that Vogrin violated the Fair Housing Act and the Fair Debt Collection Practices Act are, in the context of this case, defenses based on federal law. As discussed above, it is "settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393. As "Congress has long since decided that federal defenses do not provide a basis for removal" (*Caterpillar*, 482 U.S. at 399), Pinder's defenses do not confer federal question jurisdiction on this Court. Moreover, Pinder's claims under the Constitution of Maryland clearly do not arise under federal law.

Nor does this Court have supplemental jurisdiction under 28 U.S.C. § 1367. As noted, the Court only has supplemental jurisdiction over claims that are otherwise properly in federal court. Here, there is no federal question on the face of the complaint.

---

[5] As noted, Pinder has not asserted diversity jurisdiction as a basis for jurisdiction, nor is there a basis for it. The parties are not diverse and the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332.

Finally, jurisdiction cannot be asserted under 28 U.S.C. § 1442 or 28 U.S.C. § 1443. Pinder does not allege that she is a federal officer or that the suit was brought against her relating to an act under color of a federal office, as required by 28 U.S.C. § 1442. And, Pinder has not asserted that the Circuit Court for Baltimore City has denied her the ability to enforce any law providing for equal civil rights, as required by 28 U.S.C. § 1443.

### IV.   Conclusion

For the reasons set forth above, this Court lacks subject matter jurisdiction. Therefore, I shall remand the case to the Circuit Court for Baltimore City.

An Order follows.

Date: February 10, 2017                                  /s/
                                                                    Ellen Lipton Hollander
                                                                    United States District Judge